UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAYNA YANAKIEVA, Individually, and as Administrator of the Estate of TODOR YANAKIEV, Deceased,<br>        Plaintiff, | )<br>)<br>)<br>)<br>) | |
| vs. | ) | 1:07-cv-821- TAB-SEB |
| SERGEY PEKUN, Individually and as Employee, Agent and Servant of I.D.M TRUCKING, INC., et al.,<br>        Defendants. | )<br>)<br>)<br>)<br>) | |

### ORDER ON PLAINTIFF'S MOTION TO AMEND CASE MANAGEMENT PLAN AND FOR LEAVE TO FILE HER FIRST AMENDED COMPLAINT, *NUNC PRO TUNC*

Before the Court is Plaintiff's motion to amend the Case Management Plan and for leave to file her first amended complaint *nunc pro tunc*. [Docket No. 30.] The amended complaint would add as Defendants several affiliates (parent and sister corporations) of Defendant I.D.M. Trucking. Defendant I.D.M. Trucking should have disclosed these entities at the outset of the case, per Fed. R. Civ. P. 7.1, but it did not. And Plaintiff did not find out about these potential parties until August 12, 2008, when her attorney reviewed documents Defendant produced to Plaintiff on July 15, 2008, in response to requests for production. [Docket No. 30 at ¶ 5; Docket No. 31 at ¶ 28.]

After reviewing these documents, Plaintiff filed an amended complaint adding I.D.M.'s parent and sister corporations [Docket No.22], but she failed to seek leave to do so as required by Fed. R. Civ. P. 15(a)(2). Plaintiff's haste presumably was motivated by the fact that the statute of limitations was about to expire. On August, 20, 2008, Defendants responded to

Plaintiff's hasty filing with a motion to strike the notice of amended complaint on the basis that Plaintiff failed to seek leave. [Docket No. 24.] Plaintiff did not respond to Defendants' motion to strike. Accordingly, on September 30, 2008, the Court granted Defendants' motion to strike. [Docket No. 28.] Given that the statute of limitations has now expired, Plaintiff requests leave to file her first amended complaint *nunc pro tunc* and asks that the Court amend the Case Management Plan to reflect that additional parties may be added until August 13, 2008.

While Plaintiff's dilemma may in part be the result of Defendant I.D.M Trucking's failure to follow Rule 7.1, the true purpose of that rule is to alert the Court to circumstances that may require disqualification. The rule's purpose is not to put Plaintiff on notice of additional entities that may need to be brought into the litigation. An interrogatory or other discovery device would appear to be a more exacting tool for such a task.

Morever, Plaintiff made two fundamental errors that render her present motion untenable: she failed to request leave to file her amended complaint, and she failed to object to Defendants' motion to strike. Given the course of events, if Plaintiff were merely requesting leave to file the amended complaint, the Court would be inclined to grant such relief despite Plaintiff's mistakes. However, she is asking that she be able to file the amended complaint *nunc pro tunc*. This request is not an option.

As the Seventh Circuit has explained, the phrase *nunc pro tunc*, which literally means "now for then," is to be used when "the court's records do not accurately reflect its actions." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *In re Singson*, 41 F.3d 316, 318 (7th Cir. 1994). Furthermore, "[t]he power to correct erroneous records does not imply ability to revise the substance of what transpired or to back-date events." *Id*.; *see also Central*

*Laborers' Pension, Welfare & Annuity Funds v. Griffee*, 198 F.3d 642, 644 (7th Cir. 1999) ("As we have reminded the district courts time and again, the only proper office of a *nunc pro tunc* order is to correct a mistake in the records; it cannot be used to rewrite history.")  Plaintiff is not asking that the Court correct a clerical error to reflect what actually happened.  Rather, she is asking that the Court correct a set of substantive mistakes that she (or her attorney) made.  The Court has no authority to use a *nunc pro tunc* order to revise history in this way.

In her reply, Plaintiff argues that if the Court determines that filing this amendment *nunc pro tunc* is inappropriate, the Court should alternatively determine that the proposed amendment relates back to the original pleading under Fed. R. Civ. P. 15(c)(1)(C). [Docket No. 35 at ¶ 11.] The problem with this argument is two-fold.  First, Plaintiff raised this argument for the first time in her reply brief.  [*Id.*]  Thus, Plaintiff has waived this argument.  *See Wolotka v. Sch. Town of Munster*, 399 F. Supp. 2d 885, 901 (N.D. Ind. 2005).  Second, even overlooking Plaintiffs' waiver, she fails to provide sufficient information and analysis to the Court to establish that the requirements of Rule 15(c)(1)(C) are fulfilled.  More specifically, she provides no basis for her conclusion that the separate corporations she names as affiliates of I.D.M. Trucking, Inc. "can be charged with notice of the pending lawsuit through their relationship with Defendant, I.D.M. Trucking, Inc." [*See* Docket No. 35 at ¶ 11.]

For the foregoing reasons, the Court denies Plaintiff's motion to amend the Case Management Plan and for leave to file her first amended complaint [Docket No. 30].

Dated:  01/26/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Stephan D. Blandin
ROMANUCCI & BLANDIN
33 N. LaSalle Street, Suite 2000
Chicago, Il 60602

Michael Brian Langford
SCOPELITIS GARVIN LIGHT & HANSON
mlangford@scopelitis.com

Antonio Maurizio Romanucci
ROMANUCCI & BLANDIN
amr@rblaw.net